UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: THOMAS JAMES NASHMY,   No. 7-06-11823 ML

    Debtor.

_____

KIERAN F. RYAN, Trustee,

    Plaintiff,

v.   Adversary No. 07-1068 M

GARY R. WOLTER,

    Defendant.

## ORDER DENYING MOTION TO DISMISS FOR IMPROPER VENUE

THIS MATTER is before the Court on the Motion to Dismiss for Improper Venue ("Motion") filed by Defendant Gary R. Wolter, by and through his attorney of record, Brett J. Berlin. The Complaint To Avoid Preferential Transfer ("Complaint") filed by the Chapter 7 Trustee seeks to avoid an alleged preferential transfer of payments totaling $4,383.00 made by the Debtor to the Defendant on account of antecedent debt during the ninety-day period preceding the filing of the Debtor's bankruptcy proceeding. Defendant Gary Wolter, a resident of Naples, Florida, seeks to dismiss this adversary proceeding for improper venue based on 28 U.S.C. § 1409(b) which restricts venue to the district in which the defendant resides for certain proceedings commenced by the trustee to recover money or property of less than $1,000, a consumer debt of less than $15,000, or a non-consumer debt against a non-insider of less than $10,000. *See* 28 U.S.C. § 1409(b).

Plaintiff conceded that 28 U.S.C. § 1409(b) is the proper venue statute governing this adversary proceeding, but denied that the proceeding should be dismissed based on improper

venue. *See* Plaintiff's Answers to Defendant's Motion to Dismiss for Improper Venue, ¶¶ 3. and 4 (denying that Plaintiff's allegation concerning venue is incorrect (¶3), but admitting that the governing venue statute is 28 U.S.C. § 1409(b)). Upon review of the applicable venue statutes in light of the nature of this adversary proceeding, the Court finds that the Motion to Dismiss should be denied.

DISCUSSION

Generally, venue for adversary proceedings filed in connection with a bankruptcy case is governed by 28 U.S.C. § 1409(a). *See Ehrlich v. American Express Travel Related Services Co., Inc. (In re Guilmette),* 202 B.R. 9, 11 (Bankr.N.D.N.Y. 1996) (noting that "[t]he general venue statute for bankruptcy proceedings is 28 U.S.C. § 1409(a)."). That section provides:

> Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
>
> 28 U.S.C. § 1409(a).

The exception to the general venue statute that Defendant asserts applies here is found in 28 U.S.C. § 1409(b), which provides:

> Except as provided in subsection (d) of this section a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1000 or a consumer debt of less than $15,000, or a debt (excluding a consumer debt) against a noninsider of less than $10,000, only in the district court for the district in which the defendant resides.
>
> 28 U.S.C. § 1409(b).

The purpose of this § 1409(b) is to protect a small claim defendant who does not reside in the district where the bankruptcy case was filed from having to defend an adversary proceeding in the "home court." *See Muskin, Inc. v. Strippit Inc. (In re Little Lake Industries, Inc.),* 158 B.R.

2

478, 480 (9th Cir. BAP 1993) (framing the issue presented by referencing 28 U.S.C. § 1409(b) as the section "which protects the small claim defendant from the home court advantage granted to a bankruptcy trustee by § 1409(a)").

Courts construing this section correctly observe that 28 U.S.C. § 1409(a) applies to cases "arising under" title 11, while 28 U.S.C. § 1409(b) applies to proceedings initiated by the case trustee that either "arise in" or are "related to" to the bankruptcy case. *See In re Van Huffel Tube Corp. v. A & G Indus. (In re Van Huffel Tube Corp.),* 71 B.R. 155, 156 (Bankr.N.D.Ohio 1987); *Little Lake Indus.,* 158 B.R. at 481; *Guilmette,* 202 B.R. at 12. A case "arises under" title 11 "if it asserts a cause of action created by the Code[.]" *Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 771 (10th Cir. BAP 1997). *See also, Van Huffel,* 71 B.R. at 156 ("A proceeding 'arising under' Title 11 is any proceeding that would not occur but for a Bankruptcy Code provision.")(citing *In re S.E. Hornsby & Sons Sand & Gravel Co., Inc.,* 45 B.R. 988, 995 (Bankr.M.D.La. 1985)); *Guilmette,* 202 B.R. at 12 ("a proceeding 'arising under' title 11 must involve a substantial right or cause of action found in the Bankruptcy Code itself and not a nonbankrutpcy-created right incorporated into the Bankruptcy Code by reference."). Cases "arise in" a case under title 11 when they exist only within the bankruptcy, "but are based on rights not expressly created by title 11." *Guilmette,* 202 B.R. at 12 (citing *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1997) (remaining citation omitted)). *See also, In re Telluride Income Growth, LP,* 364 B.R. 390, 397-398 (10th Cir. BAP 2007) ("The term ''arising in' refers to administrative matters that are not based on any right expressly created by [T]itle 11 but would nevertheless have no existence outside of the bankruptcy case.'")(quoting *In re ACI-HDT Supply Co.*, 205 B.R. 231, 234-35 (9th Cir. BAP 1997)).

3

This adversary proceeding is a proceeding initiated by the case trustee to recover an alleged preferential transfer under 11 U.S.C. § 547. Preference actions are cases that "arise under" title 11, meaning that such actions are based on a section of the Bankruptcy Code. *See Midgard,* 204 B.R. at 771 (listing avoidance actions under §§ 544, 547, 548, or 549 as examples of proceedings that "arise under" the Bankruptcy Code); *Guilmette,* 202 B.R. at 12 ("the instant preference action 'arises under' Code § 547(b)."); *Little Lake,* 158 B.R. at 480 ("it is also undisputed that a preference action is one that arises *under* title 11.")(emphasis in original).

In *Little Lake,* the Ninth Circuit Bankruptcy Appellate Panel ("BAP") reasoned that, while there is a clear distinction between the terms "arising under" and "related to", the distinction between "arising under" and "arising in" is less clear. 158 B.R. at 482. The Ninth Circuit BAP then noted that core proceedings[1] include cases that "arise under" title 11 as well as cases "arising in" a case under title 11 and concluded that "[a]ll proceedings arising under title 11 arise in the bankruptcy case for the purposes of § 1409(b)." *Id.* at 484. Thus, in *Little Lake,* an action filed by the case trustee in the "home court" to recover on a preference claim in the amount of $547.88 against an out of state defendant was filed in the improper venue. *Id.*

*Van Huffel* and *Guilmette* reach the opposite result, reasoning that "although proceedings 'arising under ' and 'arising in a case under' title 11 are both 'core' proceedings under 28 U.S.C. § 157(b)(1), the Court cannot overlook the fact that 28 U.S.C. § 1409(b) specifically excludes proceedings 'arising under' title 11." *Guilmette,* 202 B.R. at 12. As noted by the *Van Huffel*

---

[1]"Core proceedings" are defined under 28 U.S.C. § 157(b)(2). Whether a proceeding is "core" or "non-core" is relevant to the Bankruptcy Court's subject matter jurisdiction. *See* 28 U.S.C. §1334 (governing jurisdiction); *Little Lake,* 158 B.R. at 482 (discussing the impact of core proceedings on jurisdiction and abstention matters).

4

court,

> The 'arising under' language is derived from the 'arising under' language of the Constitution which is the basis of federal question jurisdiction. To ignore the 'arising under' language found in Section 1409(a) and to refuse to make the distinction between the 'arising under,' 'arising in,' and 'related to' language found in the various jurisdictional and venue provisions would be to ignore Congressional intent as set forth in the legislative history of those statutes.

*Van Hoffel,* 71 B.R. at 156-57 (citations omitted).

Moreover, in concluding that a preference action "arises under" title 11 and is, therefore, subject to the general venue provision contained in 28 U.S.C. § 1409(a), the bankruptcy court in *Guilmette* noted that the preference statute requires the trustee "to forego all preferences under $600.00 as well as those that occurred more than 90 days before the filing of the bankruptcy petition." *Guilmette,* 202 B.R. at 13 (citing 11 U.S.C. § 547(b)(4)(A) and (c)(8)). *See also,* 11 U.S.C. § 547(c)(9) (limiting preference actions in cases filed by individuals with primarily non-consumer debts to transfers of at least $5,000).[2]

This Court agrees with the reasoning in *Van Huffel* and *Guilmette,* and finds that the exception contained in 28 U.S.C. § 1409(b) does not apply to restrict venue for preference actions under 11 U.S.C. § 547 initiated by the case trustee. Venue for this adversary proceeding that "arises under" title 11 is proper in accordance with 28 U.S.C. §1409(a).

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Court

---

[2] Neither party to this adversary proceeding has advanced a position as to the nature of the debts in this bankruptcy case.

5

COPY TO:

Kieran F. Ryan, Chapter 7 Trustee    Brett J. Berlin
Plaintiff    Jones Day
PO Box 26    Attorney for Defendant
Las Cruces, NM 88004-0026    1420 Peachtree St NE
    Atlanta, GA 30309